**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| LORETTA RENEE WILKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No.: 1:07-cv-00312-RHC |
| | § | |
| DAVOL INC., and C.R. BARD, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| | § | |

# ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.

Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), by and through their counsel, hereby answer Plaintiff's Complaint, paragraph by paragraph, as follows.

## Parties

1. Paragraph 1 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 and therefore deny the same.

2. Davol admits that it is a subsidiary of Bard, organized under the laws of the State of Delaware, with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island. Davol further admits that its resident agent in Rhode Island is CT Corporation System located at 10 Weybosset Street, Providence, Rhode Island. Defendants deny each and every remaining allegation in Paragraph 2.

3. Bard admits that it is organized under the laws of the State of New Jersey and that Davol is its subsidiary. Bard denies that it participated in the manufacture or distribution of the

Composix® Kugel® Hernia Patch or that it manufactures or supplies Davol with materials in regard to Composix® Kugel® Hernia Patch. Bard admits that it does business in Rhode Island. Defendants deny each and every remaining allegation in Paragraph 3.

**Jurisdiction**

4. Paragraph 4 contains conclusions of law to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over Plaintiff's claims.

5. Paragraph 5 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.

**Facts**

6. Davol admits that it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 6, Defendants lacks sufficient knowledge or information to form a belief as to the truth of those allegations and therefore deny the same.

7. Davol admits that it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 7, Defendants do not know what is meant by "delivery" beyond the meaning of "distributed," which has been admitted by Davol, or Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations. Defendants accordingly deny the remaining allegations.

8. To the extent the allegations in Paragraph 8 are directed to Bard, Bard denies those allegations. To the extent the allegations are directed to Davol, Davol admits that it submitted a 510k Application on October 23, 2000. Davol further admits that on January 22, 2001, the

Case 1:07-cv-01803-ML-RHD Document 7 Filed 08/24/2007 Page 3 of 17

federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

9. Paragraph 9 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny the same.

10. Davol admits that it designed, manufactured, sold, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants deny the remaining allegations in Paragraph 10.

11. Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm.

12. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breakage. Davol further admits that it has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

14. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

15. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

16. Paragraph 16 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny the same.

17. Paragraph 17 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny the same.

18. Paragraph 18 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny the same.

19. Paragraph 19 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny the same.

20. Paragraph 20 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny the same.

21. Paragraph 21 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and therefore deny the same.

22. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. Defendants deny each and every remaining allegation in Paragraph 22.

23. Defendants deny each and every allegation in Paragraph 23.

24. Defendants deny each and every allegation in Paragraph 24.

25. Defendants deny each and every allegation in Paragraph 25.

26. Defendants deny each and every allegation in Paragraph 26.

27. Defendants deny each and every allegation in Paragraph 27.

**COUNT I - Negligence**

28. Defendants re-state their foregoing answers to Plaintiff's allegations as if fully set forth herein.

29. Paragraph 29 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 29.

30. Paragraph 30 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 30.

31. Paragraph 31 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 31.

32. Paragraph 32 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 32.

33. Paragraph 33 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 33.

34. Paragraph 34 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 34.

35. Paragraph 35 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 35.

36. Paragraph 36 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 36.

37. Paragraph 37 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 37.

38. Paragraph 38 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 38.

**COUNT II – Violation of the Texas Deceptive Trade Practices Act**

39. Defendants re-state their foregoing answers to Plaintiff's allegations as if fully set forth herein.

40. Paragraph 40 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 40.

41. Paragraph 41 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 41.

42. Paragraph 42 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 42.

43. Paragraph 43 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 43.

44. Paragraph 44 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 44.

45. Defendants deny each and every allegation in Paragraph 45.

46. Defendants deny each and every allegation in Paragraph 46.

47. Defendants deny each and every allegation in Paragraph 47.

48. Paragraph 48 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 48.

49. Paragraph 49 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 49.

**COUNT III – Strict Product Liability**

50. Defendants re-state their foregoing answers to Plaintiff's allegations as if fully set forth herein.

51. Paragraph 51 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 51.

52. Bard denies each and every allegation in Paragraph 52. Davol admits that it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

53. Defendants deny each and every allegation in Paragraph 53.

54. Defendants deny each and every allegation in Paragraph 54.

55. Defendants deny each and every allegation in Paragraph 55.

56. Paragraph 56 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 56.

57. Paragraph 57 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 57.

**COUNT IV – Negligent Infliction of Emotional Distress**

58. Defendants re-state their foregoing answers to Plaintiff's allegations as if fully set forth herein.

59. Paragraph 59 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 59.

60. Paragraph 60 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 60.

61. Paragraph 61 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 61.

62. Paragraph 62 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 62.

63. Paragraph 63 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 63.

**COUNT V – Intentional Infliction of Emotional Distress**

64. Defendants re-state their foregoing answers to Plaintiff's allegations as if fully set forth herein.

65. Paragraph 65 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 65.

Case 1:07-cv-01803-RJL Document 2-3 Filed 10/24/2007 Page 9 of 17

66. Paragraph 66 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 66.

67. Paragraph 67 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 67.

68. Paragraph 68 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 68.

69. Paragraph 69 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 69.

**COUNT VI – Breach of Implied Warranty**

70. Defendants re-state their foregoing answers to Plaintiff's allegations as if fully set forth herein.

71. Paragraph 71 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 71.

72. Paragraph 72 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 72.

73. Paragraph 73 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 73.

74. Paragraph 74 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 74.

75. Paragraph 75 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 75.

76. Paragraph 76 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 76.

Case 1:07-cv-00312-ML-DLM Document 7 Filed 07/18/2007 Page 10 of 17

**COUNT VII – Failure to Warn**

77. Defendants re-state their foregoing answers to Plaintiff's allegations as if fully set forth herein.

78. Bard denies each and every allegation in Paragraph 78. Davol admits that it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

79. Paragraph 79 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 79.

80. Paragraph 80 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 80.

81. Defendants deny each and every allegation in Paragraph 81.

82. Paragraph 82 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 and therefore deny the same.

83. Paragraph 83 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 83.

84. Paragraph 84 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 84.

**COUNT VIII – Constructive Fraud**

85. Defendants re-state their foregoing answers to Plaintiff's allegations as if fully set forth herein.

86. Paragraph 86 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 86.

87. Paragraph 87 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 87.

88. Paragraph 88 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 88.

89. Paragraph 89 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 89.

**COUNT IX – Misrepresentation by Omission**

90. Defendants re-state their foregoing answers to Plaintiff's allegations as if fully set forth herein.

91. Paragraph 91 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 91.

92. Paragraph 92 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 92.

93. Paragraph 93 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 93.

94. Paragraph 94 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 94.

95. Paragraph 95 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 95.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or in part, fails to state a claim or cause of action upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's claims are barred, in whole or in part, for his failure to provide Defendants with timely notice of his claims as required by Tex. Bus. & Com. Code § 17.505 and/or the Texas Uniform Commercial Code.

7. Plaintiff's, or his agents', including his physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

8. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

11. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars Plaintiff's claims.

12. The learned intermediary doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

17. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any

Case 1:07-cv-00031-M-LDA Document 1 Filed 08/24/2007 Page 14 of 17

product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to Chapter 33 of the Texas Civil Practice & Remedies Code), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party or any person or entity, including the Plaintiff and any party, person, or entity who has settled with the Plaintiff. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

18. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to them.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

25. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

27. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMANDED**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: July 17, 2007

Respectfully submitted,

HARRISON, BETTIS, STAFF, MCFARLAND & WEEMS, L.L.P

D. Mitchell McFarland
Attorney-In-Charge
State Bar No. 13597700
One Allen Center
500 Dallas, Suite 2600
Houston, Texas 77002
Phone: (713) 843-7900
Fax: (713) 843-7901
mitch.mcfarland@harrisonbettis.com

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

OF COUNSEL:
Kirby T. Griffis
Dana A. Gausepohl
Michael L. Junk
SPRIGGS & HOLLINGSWORTH
1350 I Street NW
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 862-1639

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of July, 2007, a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC. was electronically filed with the Clerk of Court using the CM/ECF system and served upon the following counsel in the manner provided below:

Terry Bryant, Esq.
TERRY BRYANT, LLP
West Memorial Office Park
8584 Katy Freeway, Suite 100
Houston, TX 77024
(*electronic notice*)

Jon C. Conlin
Ernest Cory
Craig P. Niedenthal
Stephen R. Hunt, Jr.
Cory Watson Crowder & DeGaris
2131 Magnolia Avenue
Birmingham, AL 35209
(*certified mail*)

D. Mitchell McFarland

D. Mitchell McFarland